UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JAMES PHELPS, | ) | |
| Plaintiff, | ) ) ) | Civil No. 08-123-GFVT |
| V. | ) ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | **ORDER** |
| Defendant. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

James Phelps brought this action pursuant to 42 U.S.C. §405(g) and 5 U.S.C. § 706 to challenge a final decision of the Defendant, the Commissioner of Social Security ("Commissioner"), which denied his application for disability insurance benefits. [R. 2.] Consistent with the Court's practice and pursuant to 28 U.S.C. § 626(b)(1), this matter was referred to United States Magistrate Judge Edward B. Atkins for the issuance of a Report and Recommendation ("R & R") containing the proposed findings and recommendations. [R. 14.]

Magistrate Judge Atkins filed his Report and Recommendations ("R&R"), and concludes that the decision of the administrative law judge ("ALJ") was supported by substantial evidence. [*Id*. at 14.] Specifically, the R&R concludes that the ALJ properly discredited the opinion of and was not required to recontact treating physician, Dr. Jenkins; properly evaluated the credibility and mental impairments of Phelps; and that Dr. Duncan's RCF assessment did not err in regard to Phelps's ability to sit and stand.

This Court must make a *de novo* determination of those portions of the R & R to which objections are made. 28 U.S.C. § 636(b)(1)(c). Phelps filed several objections to the R & R.

[R. 15.] Phelps objects to the Magistrate Judge's application of the treating physician rule, the Magistrate Judge's finding that the ALJ was not required to recontact Dr. Jenkins, and the Magistrate Judge's determination that the ALJ properly evaluated Phelps's mental limitations. The Commissioner filed a response. [R. 16.]

First, as to Phelps's objection to the Magistrate Judge's application of the treating physician rule, the Court looks to the Regulations, which provide a framework for the evaluation of opinion evidence. With regard to treating source opinion evidence, the applicable Regulation provides:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(d)(2). The factors used by an ALJ in determining the weight to give a treating source opinion when it is not given controlling weight include the length of the treatment relationship, the frequency of examination, the nature and extent of the treatment relationship, the opinion's supportability, the opinion's consistency with other evidence in the record, and whether the treating source is a specialist. 20 C.F.R. 416.927(d)(2)(i)-(ii), d(3)-d(5). Thus, "'[t]he expert opinions of a treating physician as to the existence of a disability are binding on the fact-finder unless contradicted by substantial evidence to the contrary.'" *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987)(*quoting Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir. 1978)). Further, an ALJ is required to set forth some basis for the decision to

reject a treating source opinion. *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987); *see also Hickey-Haynes v. Barnhart*, 116 F. App'x 718, 725 (6th Cir. 2004) (noting that in cases where the treating physician rule applies, a reviewing court must evaluate whether the ALJ gave good reasons for his decision not to give controlling weight to a treating source opinion, as required by the governing Regulation).

As mandated by 20 C.F.R. § 404.1527(b), the ALJ considered the opinion of Dr. Jenkins and gave good reasons for why he gave it little weight. He stated specifically that Dr. Jenkins's report is "not deserving of great weight" because it is "predicated on a diagnosis of disc disease and chronic back pain rather than objective findings." [R. 28.] The ALJ noted that Dr. Jenkins's 2007 examination of Phelps revealed that Phelps's neurological functioning is normal. [R. 28.] Further, the ALJ found Dr. Jenkins's opinion inconsistent with "both recent and longitudinal" evidence. [R. 28.] Specifically, Dr. Jenkins's report was inconsistent with examining physician Dr. Duncan's opinion that Phelps does not require a sit/stand option and is able to perform sedentary work. [Tr. 28, 351-356.] The ALJ expressly stated that "great weight" was given to Dr. Duncan's opinion. In addition to Dr. Duncan's opinion, the ALJ considered the opinions of non-examining state agency physicians, Dr. Phillips and Dr. Gregg, both of which conclude that Phelps can perform sedentary work.[1] [Tr. 23, 193-203, 204-212.] Given the inconsistency between Dr. Jenkins's opinion, and those of Drs. Phillips, Gregg, and in particular, Dr. Duncan,

---

[1]Phelps correctly points out that Drs. Phillips and Gregg are non-examining state agency physicians, rather than examining physicians as they are described in the Report and Recommendation. Regardless, the ALJ's decision to give little weight to Dr. Jenkins's opinion remains supported by substantial evidence as the ALJ indicated that the greatest weight was given to the opinion of examining physician, Dr. Duncan. Unlike the opinions of Drs. Phillips and Gregg, Dr. Duncan's opinion was formed two years after the Appeals Counsel remanded the decision in 2004.

substantial evidence in the record, evidence which the ALJ referenced, supports the ALJ's decision to give little weight to Dr. Jenkins's conclusions.

Second, as to whether the ALJ had a duty to recontact Dr. Jenkins to clarify Dr. Jenkins's opinion, the Appeals Counsel's statement does not require the ALJ to recontact Dr. Jenkins. The Appeals Counsel's remand states "[t]he Administrative Law Judge will recontact the sources *if necessary* for clarification and /or further evidence . . ." [Tr. 331.](emphasis added). Furthermore, the duty to recontact a claimant's medical source only arises "[w]hen the evidence . . . received from your treating physician or psychologist or other medical source is *inadequate for us to determine whether you are disabled*" or when "the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.912(e) (emphasis added); see also § 404.1512(e). In other words, the duty to recontact a claimant's medical source is limited to cases in which the existing medical evidence is inadequate to make a disability determination. Here, the existing medical evidence was adequate to make a disability determination. On remand the ALJ was presented with both a 2006 consultive examination from Dr. Duncan, as well as Dr. Jenkins's 2007 residual functional capacity form, in addition to numerous other medical evidence.

Finally, the ALJ properly considered the opinion of Dr. Starkey as to Phelps's mental capacities. Although the ALJ gave great weight to most of Dr. Starkey's opinion, he gave little weight to Dr. Starkey's statement that without psychologic treatment, Phelps's "prognosis for being able to sustain gainful employment at any future time remains guarded." [Tr. 367.] The

ALJ viewed the previous statement as inconsistent with Dr. Starkey's opinion that Phelps is able to perform a wide variety of work-related tasks [Tr. 369-70], has a limited, but satisfactory ability to perform mental activities [Tr. 359-70] and Dr. Starkey's statement that Phelps "is likely to have only mild difficulty sustaining the attention and pace necessary for completing tasks common to most everyday work settings . . ." [Tr. 365.]  As the Magistrate Judge concluded, the ALJ did not err in giving these statements greater weight as they were supported by Dr. Starkey's findings, and especially given Dr. Starkey's GAF assessment of 63, which indicates only mild mental limitations.  [Tr. 366, 369-70.]

In sum, having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's R & R. [R. 12.] Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1	The Plaintiff's Objections to the Magistrate's Report and Recommendation [R. 15] are **OVERRULED**;

2	The Magistrate Judge's Report and Recommendation [R. 14] is **ADOPTED** as and for the opinion of this Court;

3	The Plaintiff's Motion for Summary Judgment [R. 10] is **DENIED**;

4	The Defendant's Motion for Summary Judgment [R. 12] is **GRANTED**; and

5	**JUDGMENT**  in favor of the Defendant will be entered contemporaneous herewith.

This the 1st day of September, 2009.



Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**